92 F.3d 1186
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas J. KARNES, Defendant-Appellant.
 No. 95-6089.
 United States Court of Appeals, Sixth Circuit.
 July 31, 1996.
 
 Before: ENGEL, SUHRHEINRICH, and COLE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Thomas Karnes appeals his conviction for illegal possession of firearms after a felony conviction in violation of 18 U.S.C. § 922(g)(1). The firearms underlying the conviction were seized and subjected to forfeiture proceedings, which were still pending at the time of this appeal. Karnes argues that jeopardy attached to the forfeiture proceedings such that his conviction violated the Double Jeopardy Clause of the Fifth Amendment. The government contends, among other things, that jeopardy did not attach because the forfeiture was not punitive.
 
 
 2
 Karnes acknowledges that "the basis for this appeal" is our decision in United States v. Ursery, 59 F.3d 568 (6th Cir.1995), in which we held that "any civil forfeiture under ... 21 U.S.C. § 881(a)(7) constitutes punishment for double jeopardy purposes." Id. at 573. The Supreme Court reversed that decision in United States v. Ursery, --- S.Ct. ---- (1996), holding that "civil forfeitures generally" do not constitute punishment for double jeopardy purposes. Id. at ----.
 
 
 3
 The Supreme Court distinguished in rem civil forfeitures from civil penalties such as fines, explaining that whereas civil penalties sometimes may be considered punitive for double jeopardy purposes, civil forfeitures may not. The Court left open two avenues under which jeopardy can attach to forfeiture proceedings: (1) if Congress intended the forfeiture to be criminal, rather than civil; or (2) if the forfeiture is "so punitive in fact" that it must be viewed as criminal, rather than civil, notwithstanding Congress's contrary intent. Id. at ----.
 
 
 4
 The forfeiture proceedings against Karnes's firearms were brought pursuant to 19 U.S.C. §§ 1602-1624. The Ursery Court evaluated the procedures in these sections and found them to be "distinctly civil," as opposed to criminal. --- S.Ct. at ---- (quoting United States v. One Assortment of 89 Firearms, 465 U.S. 354, 363 (1984)). Karnes makes much of the fact that the forfeiture proceedings in his case were merely "administrative" insofar as he did not make an appearance. The Ursery Court, however, specifically found that 19 U.S.C. § 1609, which provides for an administrative forfeiture when no party files a claim to the property, was evidence of Congress's intent to make the sanction a civil one. Id. at ----. In accordance with Ursery, we find that the forfeiture of Karnes's firearms was civil, rather than criminal, both in fact and in terms of congressional intent, and therefore that jeopardy did not attach to the forfeiture proceedings.
 
 
 5
 In light of Ursery, we need not address the government's other arguments as to why Karnes's conviction did not violate the Double Jeopardy Clause.
 
 
 6
 For the foregoing reasons, the judgment of the district court is AFFIRMED.